THE BARBER ASPHALT PAVING COMPANY *et al.* V. CHARLES L. BOTSFORD *et al.*

1. JOINT JUDGMENT—*Review—Necessary Parties.* All parties to a joint judgment who would necessarily be affected by a reversal or modification of the same are necessary parties to a proceeding in error to review such judgment, and the absence of such a necessary party will defeat the jurisdiction of the appellate court and prevent the review of any part of the judgment.

2. ACTION, *When Deemed Begun.* Section 20 of the civil code furnishes by analogy a guide to determine when a proceeding in error is deemed to be commenced; and where a proceeding in error is brought to reverse a joint judgment obtained by parties who are joint contractors, or are otherwise united in interest, and service is made upon one of such defendants in error, the action, for the purposes of limitation, is to be deemed commenced as to all.

*Error from Shawnee District Court.*

ACTION by *Botsford* and another against the *Barber Asphalt Paving Company* and *C. E. Squires.* Judgment for plaintiffs. Defendants brought the case to this court. Defendants in error moved to dismiss the proceedings in error. The facts sufficiently appear in the opinion, filed January 7, 1893.

*Gleed & Gleed,* and *J. H. Moss,* for plaintiffs in error.
*Waggener, Martin & Orr,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: On March 17, 1891, Charles L. Botsford and Samuel D. D. Smith recovered a judgment against the plaintiffs in error for $5,426.66, and also an order for the sale of certain attached property. On February 25, 1892, a petition in error was filed in the supreme court, and a summons in error was issued on the same day, directed to the sheriff of Atchison county, for service on the defendants in error. Service was made upon Smith in due time, but no service was obtained upon Botsford until the early part of August, 1892, which was nearly 17 months after the rendition of the judgment in the district court. A motion has been made to dismiss the proceeding in error for the reason that Botsford and Smith had recovered a joint judgment based upon the violation of a contract jointly made by Botsford and Smith with the paving company, and that no service has been obtained upon Botsford nor any appearance entered in his behalf until the time for commencing proceedings in error and obtaining a summons had expired. The contract and the judgment recovered thereon are such that Botsford and Smith are both necessary parties to a review.

The absence of a party to a joint judgment who will necessarily be affected by a modification or reversal defeats the jurisdiction of the court, and there can be no review of any part of the judgment. (*Ex parte Polster*, 10 Kas. 204; *Armstrong v. Durland*, 11 id. 15; *Hodgson v. Billson*, 11 id. 357; *Bassett v. Woodward*, 13 id. 341; *Richardson v. McKim*, 20 id. 346; *Thompson v. Manufacturing Co.*, 29 id. 480; *Browne's Appeal*, 30 id. 331; 1 Pac. Rep. 78; *Paper Co. v. Hentig*, 31 id. 322; 1 Pac. Rep. 529; *McPherson v. Storch*, 49 id. 313; 30 Pac. Rep. 480.)

All parties to be affected by the proceedings in error must not only be brought before the court, but all must be brought in by actual or constructive notice before the expiration of the year within which actions may be brought to the supreme court. A proceeding in error must be commenced within one

year after the rendition of the judgment or the making of the order complained of, except where the person entitled to the proceeding is under disability. (Civil Code, § 556.) Here there was no actual service upon Botsford until long after the period of limitation had elapsed. If he has not been brought within the jurisdiction of the court by the action previously taken, the motion to dismiss must be allowed. Plaintiff in error meets this objection by the contention that, under § 20 of the code, a service upon Smith, who was a codefendant and united in interest with Botsford, was a service upon the latter. We think this contention must prevail. The code does not provide in terms when a proceeding in error shall be deemed commenced, but it does provide that, when a proceeding in error is filed, a summons shall be issued and served or publication made *as in the commencement of an action.* Provision is also made that a service upon the attorney of record in the original case shall be sufficient. (Civil Code, § 544.) Now, as defendants in error may be brought into court as in the commencement of an action, we may look to the provisions of the code with reference to the beginning of an action; and § 20 provides that —

"An action shall be deemed commenced within the meaning of this article as to each defendant at the date of the summons which is served on him or on a codefendant who is a joint director or otherwise united in interest with him."

The application of this provision to proceedings in error has not been determined by this court. Possibly the question was in some of the earlier Kansas cases cited herein, but it was not brought to the attention of the court, and has never before received consideration. It was determined in *Thompson v. Manufacturing Co.*, supra, that the latter part of § 20 of the code, which provides what shall be deemed the commencement of an action where an attempt at service has been made, is applicable by analogy to proceedings in error; and no reason is seen why the first clause of the section is not equally applicable. The Ohio code contains a similar provision, and the supreme court of that state has decided that it

is applicable by analogy to proceedings in error, and that a service upon one of two codefendants who are united in interest is, so far as the limitation is concerned, deemed a commencement of a proceeding against both. (*Buckingham v. Bank*, 21 Ohio St. 131; *Sidener v. Hawes*, 37 id. 532, 544; *Secor v. Witter*, 39 id. 218; *Bank v. Green*, 40 id. 438. See, also, *Merritt v. Sawyer*, 6 Thomp. & C. [N. Y.] 162; *Shaw v. Cock*, 78 N. Y. 194.)

In holding that the last clause of § 20 was applicable by analogy to proceedings in error, this court cited as an authority the decision of the Ohio supreme court wherein that court distinctly decides that the first clause of the section is equally applicable to such proceedings. We think that ruling is correct, and that § 20 furnishes by analogy a guide for determining when a proceeding in error is to be deemed commenced. Having decided, in *Thompson v. Manufacturing Co.*, supra, that a portion of § 20 applies by analogy, it logically follows that the analogy should be carried a step farther, and that that clause of the section now under consideration shall also be held applicable.

We are referred to *Wolf v. Murphy*, 21 Neb. 472, and *Curten v. Atkinson*, 29 id. 612, as authorities against the view which has been taken. These decisions do not reach the question whether a service upon a codefendant who is united in interest with another is sufficient to bring both within the jurisdiction of the court, and probably for the reason that Nebraska has no such statutory provision as is found in § 20 of our code. There is such a unity of interest between Botsford and Smith that the service upon Smith was the commencement of the proceeding against Botsford, as well as Smith, and invested the court with jurisdiction over both. The motion to dismiss will therefore be denied.

All the Justices concurring.