M. E. LARKIN, *as Sheriff of Atchison County, et al.*, v. JOHN M. LANE *et al.*

No. 169.

COURTS OF APPEALS—*Death of Party*—*no Revivor.* Where a necessary party to a proceeding in error and one whose rights would be affected by a reversal of the judgment dies after the petition in error is filed, and the action is not revived, the petition in error must be dismissed for want of proper and necessary parties.

MEMORANDUM.—Error from Atchison district court; ROBERT M. EATON, judge. Action by John M. Lane and H. L. Whitaker against M. E. Larkin, as sheriff of Atchison county, and others, to enjoin them from proceeding under an execution. Judgment for plaintiffs. Defendants bring the case to this court. Dismissed. The opinion herein, filed December 3, 1896, states the material facts.

*B. F. Hudson*, for plaintiffs in error ; *Waggener, Horton & Orr*, of counsel.

*W. W. & W. F. Guthrie*, for defendants in error.

The opinion of the court was delivered by

GARVER, J. : At the threshold of this case we are met by a motion filed by the defendants in error to dismiss the case for want of proper parties. It is claimed that, although all necessary persons were made parties when the petition in error was filed, yet since that time one of the plaintiffs in error has died, and the action has not been revived as to him. The record shows that on February 24, 1892, one Sarah E. Nelson obtained a judgment in the district court of Atchison county for $1,170.28 against Frank Royce, Jesse C. Crall, John Taylor, John M. Lane, and Henry L. Whitaker. The present action was commenced in said court by said John M. Lane and Henry L. Whitaker against M. E. Larkin, as sheriff, John Taylor, Jesse C. Crall, Frank Royce, Sallie H. Rigg, and Thomas J. Rigg, to enjoin the collection of said judgment by execution as against said John M. Lane and Henry L. Whitaker. The petition alleged that said judgment had been fully paid and satisfied by said John Taylor on or about March 23, 1892; that said Taylor had theretofore, to wit, on July 14, 1891, obligated himself, together with said Jesse C. Crall and Frank Royce, to pay and discharge the debt for which said judgment was rendered, and to save said John M. Lane and Henry L. Whitaker harmless therefrom ; and that said Taylor, through and by a pretended assignment of said judgment to Sallie H. Rigg, was attempting to enforce collection of the same against the property of said Lane and Whitaker, in fraud of their

rights.   A trial had on the issues joined in said action resulted in a finding and judgment in favor of the plaintiffs, Lane and Whitaker.   The court found that said judgment and costs were paid on March 28, 1892, by said · John Taylor, and ordered and directed that the same be satisfied and released of record as against said Lane and Whitaker.   To reverse said judgment, the defendants in the court below, as plaintffs in error, filed their petition in error January 30, 1893.   It is admitted that Jesse C. Crall died April 28, 1894, and that letters of administration on his estate were issued by the probate court of Atchison county August 31, 1894, to Graham Crall.   It also appears that this proceeding in error has not been revived as to said deceased plaintiff in error.

On these facts, we think the motion to dismiss must be sustained.   Jesse C. Crall was a necessary party to the proceeding in error.   His death, without an order of revivor having been applied for or made in this court, leaves the case in the same condition it would be in had he, in the first place, not been made a party thereto.   It is evident that there can be no reversal or modification of the judgment complained of without in some manner affecting each one of those against whom the Nelson judgment was rendered. As between them, there existed certain rights for contribution growing out of their joint liability.   The decision complained of very materially affected such rights, and a reversal could not be had without a necessary and material change of the rights of the parties as they were determined by the lower court. Under the well-settled practice in this state, this defect of parties prevents a review of the judgment. (*Paving Co. v. Botsford*, 50 Kan. 331 ; *Mortgage Co. v.*

*Lowe*, 53 id. 39 ; *Loan Co. v. Lumber Co.*, 53 id. 677 ; *Norton v. Wood*, 55 id. 559.)

For these reasons the motion to dismiss must be sustained.

All the Judges concurring.