D. W. KENT v. THE NATIONAL BANK OF COMMERCE AND L. C. WELTON.

### No. 465.

PRACTICE, COURTS OF APPEALS—*Necessary Parties—Revivor.* The cases of *Larkin v. Lane,* 4 Kan. App. 774, 46 Pac. 997, *Janis v. Bank,* 59 Kan. 771, 51 Pac. 886, and *Bank v. Van Doran,* 59 id. 776, 53 Pac. 130, followed.

Error from Reno district court; F. L. MARTIN, judge. Opinion filed March 20, 1899. Dismissed.

*C. M. Williams*, for plaintiff in error.

*Wm. G. Fairchild*, for defendants in error.

The opinion of the court was delivered by

MILTON, J. :　Plaintiff in error brought this action against the defendants in error before a justice of the peace in Reno county to recover the sum of $275, which he claimed as agent's commission for selling certain real estate in the city of Hutchinson.　The defendants appealed from the judgment rendered against them by the justice of the peace, and at the trial in the district court their demurrer to the plaintiff's evidence was sustained.　A joint judgment was rendered in favor of the defendants for costs.　In the petition in error this judgment is complained of and a reversal thereof is asked.　After the proceedings in error were commenced L. C. Welton died, and no steps to revive or substitute had been taken within the time allowed by law.　The National Bank of Commerce, one of the defendants in error, moved to dismiss the petition in error for the reason that its codefendant, L. C. Welton, died on June 15, 1896, and an administrator of his estate was duly appointed on July 1 thereafter, and no steps had been taken to revive the action.

The bill of particulars, the journal entry of judgment and the petition in error all indicate that L. C. Welton was a necessary party to the proceeding in error.　In the case of *Larkin v. Lane*, 4 Kan. App. 774, 46 Pac. 997, in which Jesse C. Crall, a party to the proceedings in error, died during the pendency of such proceedings, the court said :

" Jesse C. Crall was a necessary party to the proceedings in error.　His death, without an order of revivor having been applied for or made in this court,

41—8 KAN. APP.

leaves the case in the same condition it would be in had he, in the first place, not been made a party thereto.''

In the case of *Janis v. Bank*, 59 Kan. 771, 51 Pac. 886, decided by the supreme court of this state, one paragraph of the syllabus reads: '' Where necessary parties in error have died, and no proceedings to revive or substitute are had within the time allowed by law, the petition in error should be dismissed.'' See also *Bank v. Van Doran*, 59 Kan. 776, 53 Pac. 130. The petition in error will be dismissed.