FIRST STATE BANK OF DAVIDSON v. CLINGAN *et al.*

No. 1246.    Opinion Filed May 10. 1910.

(109 Pac. 69.)

**APPEAL AND ERROR—Joint Defendants—Service on Defendant in Error—Limitations—"Action Commenced."** That part of section 5552, Comp. Laws 1909, which provides that "an action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor, or otherwise united in interest with him," furnishes by analogy a guide to determine when a proceeding in error is deemed to be commenced; and where a proceeding in error is brought to reverse a judgment in favor of defendants in error, who are joint contractors or otherwise united in interest, and service is made upon one of such defendants in error, the action, for the purposes of limitation, is to be deemed to be commenced as to all.

(Syllabus by the Court.)

*Error from District Court, Tillman County; J. T. Johnson, Judge.*

Action by the First State Bank of Davidson against C. J. Clingan and others. Judgment for defendants, and plaintiff brings error. Motion to dismiss overruled.

*Robt. E. Weathers* and *P. Mounts,* for plaintiff in error.
*W. E. Hudson* and *Ahern, Wilson & Roe,* for defendants in error.

KANE, J.   The defendant in error J. C. Whelchel moves this court to dismiss the proceedings in error herein as to him, for the reason that he has not been served with summons therein within the time required by law, and that as to him said proceedings have not been commenced within the time required by law. The record shows the judgment appealed from was entered on the 28th day of November, 1908; that the case-made was prepared, properly served on the attorneys for all the adverse parties, settled by the trial judge, and filed in this court on the 29th day of November, 1909, the last day of the year within which the same could be filed. One

of the defendants in error entered his appearance and waived issuance of summons in error as to him. On the 29th day of November, 1909, the plaintiff in error filed his præcipe for summons in error for J. C. Whelchel, and summons was thereupon issued and duly returned, showing no service. On the 4th day of February, 1910, an alias summons was issued for said Whelchel, which has not been returned. The record also discloses that the rights of said Whelchel will be affected by a reversal or modification of the judgment appealed from.

It has been many times held by this court that one whose rights may be affected by a reversal or modification of the judgment appealed from is a necessary party in the appellate court; and it has been held that, where a defendant in error who is a necessary party is not served, no judgment of reversal can be rendered against him until he has had an opportunity to be heard in the Supreme Court. Section 5552, Comp. Laws 1909, provides that:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor, or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly, and diligently endeavors to procure a service; but such attempt must be followed by the first publication of service of the summons within sixty days."

The cause of action in this case was based upon a promissory note, signed by the defendants. Whelchel's defense was that the alleged promissory note set forth in plaintiff's petition was obtained from him by plaintiff by fraud, circumvention, and misrepresentation. The other defendants set up defenses of like import, and all prevailed in the court below. Under these circumstances, it is clear they were and are united in interest, and this proceeding must be deemed to have been commenced against all the defendants within the year by the acceptance of service by one of the codefendants.

Counsel for defendant in error Whelchel, in support of their motion to dismiss, contend that, if the petition in error is filed on the last day of the year allowed, then the summons in error must be served upon all the defendants in error within 6 days after, and that the case of *Wedd v. Gates,* 15 Okla., 602, 82 Pac. 808, specifically so holds. We cannot agree with counsel. The case of *Wedd v. Gates* was an action by Gates against Wedd and other defendants, in which the plaintiff sought to recover against the defendants upon the ground that they had driven certain cattle across the quarantine line that were infected with Texas fever, which was communicated to the cattle of the plaintiff. It seems that the pasture belonged to Wedd, and that his codefendants and the plaintiff, Gates, kept cattle therein. Each of this class of defendants filed his answer and cross-petition, and alleged that his cattle had also got the fever of Wedd's cattle, and prayed for affirmative relief against him. Upon the trial Gates, Adams, Sousley, and Eagleton each recovered judgment against Wedd, from which Wedd appealed. The case-made was prepared, properly served on the attorneys for all of the other parties, settled by the trial judge, and filed in the Supreme Court just one year after the rendition of the judgment. Summons in error was issued and service had as to all of the adverse parties except Adams, and the return of the officer showed that he could not be found in the county. Adams moved to dismiss the appeal, because it had not been taken, as to him, within one year. The other defendants in error moved to dismiss the appeal for failure to file briefs in time, and also because of defect of parties. The court held the appeal should be dismissed on the ground of defect of parties. Whilst the learned judge who delivered the opinion in that case does not specifically say that this ruling was based upon the ground that the defendants in error were not joint contractors or otherwise united in interest, we are quite sure that was the reason upon which the ruling was based. In the opinion he says:

"In the case of *Barber Asphalt Co. et al. v. Botsford, et al.,* 50 Kan. 331, 31 Pac. 1106, Mr. Justice Johnston, whose ability and

long experience upon the bench entitles his opinions to great weight, stated the rule as follows: 'All parties to be affected by the proceedings in error must not only be brought before the court, but all must be brought in by actual or constructive notice, before the expiration of the year within which actions may be brought to the Supreme Court. A proceeding in error must be commenced within one year after the rendition of the judgment or the making of the order complained of, except where the person entitled to the proceeding is under disability.' "

The part of Judge Johnston's opinion quoted no doubt is applicable to the case then under discussion; but it must be presumed that Mr. Justice Burwell was also familiar with the following, also taken from the same case, which is applicable to the case at bar:

"Here there was no actual service upon Botsford until long after the period of limitation had elapsed. If he has not been brought within the jurisdiction of the court by the action previously taken, the motion to dismiss must be allowed. Plaintiff in error meets this objection by the contention that, under section 20 of the Code, a service upon Smith, who was a codefendant and united in interest with Botsford, was a service upon the latter. We think this contention must prevail. The Code does not provide in terms when a proceeding in error shall be deemed commenced, but it does provide that, when a proceeding in error is filed, a summons shall be issued and served or publication made as in the commencement of an action. Provision is also made that a service upon the attorney of record in the original case shall be sufficient, Civ. Code, § 544. Now as defendants in error may be brought into court as in the commencement of an action, we may look to the provisions of the Code with reference to the beginning of an action; and section 20 provides that 'an action shall be deemed "commenced" within the meaning of this article, as to each defendant, at the date of the summons which is served on him or on a codefendant, who is a joint director or otherwise united in interest with him.' The application of this provision to proceedings in error has not been determined by this court. Possibly the question was in some of the earlier Kansas cases cited herein; but it was not brought to the attention of the court, and has never before received consideration. It was determined in *Thompson v. Manufacturing Co. supra* [29 Kan. 480], that the latter part of section 20 of the Code, which provides what shall be deemed the commencement of an action

where an attempt at service has been made, is applicable by analogy to proceedings in error; and no reason is seen why the first clause of the section is not equally applicable. The Ohio Code contains a similar provision, and the Supreme Court of that state has decided that it is applicable by analogy to proceedings in error, and that a service upon one of two codefendants who are united in interest is, so far as the limitation is concerned, deemed a commencement of a proceeding against both. *Buckingham v. Bank,* 21 Ohio St. 131; *Sidener v. Hawes,* 37 Ohio St. 532, 544; *Secor v. Witter,* 39 Ohio St. 218; *Bank v. Green,* 40 Ohio St. 438. See, also, *Merritt v. Sawyer,* 6 Thomp. & C. [N. Y.] 162. *Shaw v. Cock,* 78 N. Y. 194. In holding that the last clause of section 20 was applicable by analogy to proceedings in error, this court cited as an authority the decisions of the Ohio Supreme Court, wherein that court distinctly decides that the first clause of the section is equally applicable to such proceedings. We think that ruling is correct, and that section 20 furnishes by analogy a guide for determining when a proceeding in error is to be deemed commenced. Having decided, in *Thompson v. Manufacturing Co., supra,* that a portion of section 20 applies by analogy, it logically follows that the analogy should be carried a step further, and that the clause of the section now under consideration shall be held applicable. We are referred to *Wolf v. Murphy,* 21 Neb. 472, 32 N. W. 303, and *Curten v. Atkinson,* 29 Neb. 612, 46 N. W. 91, as authorities against the view which has been taken. These decisions do not reach the question whether a service upon a codefendant who is united in interest with another is sufficient to bring both within the jurisdiction of the court, and probably for the reason that Nebraska has no such statutory provision as is found in section 20 of our Code. There is such a unity of interest between Botsford and Smith that the service upon Smith was the commencement of the proceeding against Botsford as well as Smith, and invested the court with jurisdiction over both. The motion to dismiss will therefore be denied."

As the sections of the Kansas statute under discussion in the foregoing case are identical with the statutes of this state involved in the case at bar, and practically the same as the statutes of Ohio on this subject, we are constrained to follow the decisions of the Supreme Courts of these states.

The motion to dismiss must be overruled.

All the Justices concur.