SCHAFER *et al.* v. REMMERS *et al.*

No. 3776.    Opinion Filed November 10, 1914.

Rehearing Denied April 27, 1915.

(148 Pac. 841.)

**APPEAL AND ERROR—Jurisdiction—Summons in Error—Failure to Issue—Waiver.** Where a petition in error and case-made are filed in due time, but no summons in error is issued nor praecipe therefor filed until after the time limited for appeal has expired, a stipulation purporting to waive the issuance and service of summons in error, signed prior to the expiration of such time, but filed thereafter, is not sufficient to confer jurisdiction on the Supreme Court.

(Syllabus by the Court.)

*Error from District Court, Canadian County;*

*John J. Carney, Judge.*

Action by Henry Schafer and H. C. Paulsen against E. G. Remmers and others. From the judgment, the parties first mentioned bring error. Appeal dismissed.

*R. B. Forrest* and *Thomas R. Reid,* for plaintiffs in error.

*John H. Shirk* and *Burwell, Crockett & Johnson,* for defendants in error.

KANE, J.   This cause comes on to be heard upon a motion to dismiss the appeal filed by the defendants in error, upon the ground that the proceeding in error was not commenced in this court within the time limited by law.   The motion to dismiss must be sustained.   It seems that the petition in error and case-made were filed in due time, but no praecipe for summons in error or waiver of same was filed until after the expiration of the six months allowed by law within which a proceeding in error must be commenced.   All of this is admitted by counsel for plaintiffs in error, but they contend that the issuance and service of summons in error was waived by one of the defendants in error who is united in interest with each of the other defendants in error, and therefore the action was commenced in time, and they cite *First State Bank of Davidson v. Clingan et al.,* 26 Okla. 150, 109 Pac. 69, as an authority.   We do not think that case is in point.   It is true that one of the defendants in error in the instant case signed what purported to be a waiver of issuance and service of summons in error within the time limited for taking an appeal, but the same was not filed in the cause until a considerable time after the time for taking the appeal had expired.   As the waiver was not filed until after the time for commencing a proceeding in error had expired, it was not sufficient to confer jurisdiction on the Supreme Court.

The appeal is dismissed.   All the Justices concur, except WILLIAMS, J., absent and not participating, and DUNN, J., who dissents.

LOOFBOURROW, J.   The above opinion, by Chief Justice KANE, dismissing the appeal, was filed September 11, 1912.   This opinion seems to have been set aside and

petition for rehearing granted. After a thorough examination of the authorities, we are convinced that the petition for rehearing was improperly granted, that the above opinion is correct, and that the appeal must be dismissed.

KANE, C. J., and TURNER and BLEAKMORE, JJ., concur.

RIDDLE, J. (dissenting). I am unable to agree with the holding of the majority of the court in this case, and desire to state my reasons for dissenting.

The records of this case show that after the opinion was written and filed, dismissing the case for want of jurisdiction, petition for rehearing was filed and granted, and an order entered of record overruling the motion to dismiss. The term of court at which this last order was entered has long since expired, and the order granting the petition for rehearing and overruling the motion to dismiss has become final. So far as the point involved as to the rights of defendants in error to have said cause dismissed is concerned, it is now *res adjudicata*. The basis for the majority opinion is that, if the court had no jurisdiction, as held by the former opinion dismissing the case for want of jurisdiction, the order overruling the motion to dismiss was invalid. I am unable to consent to this doctrine. This would be equivalent to holding that the Supreme Court did not have authority to pass upon its own jurisdiction. The court having made the order granting a rehearing and overruling the motion to dismiss, and setting the case down for hearing on its merits, the term of court having long since expired, this order became final, and in my opinion, so far as this case is concerned, this adjudication should be the law of the case and held to be *res adjudicata*.