## DR. KOCH VEGETABLE TEA CO. v. DAVIS *et al.*

No. 3596.    Opinion Filed December 22, 1914.

(145 Pac. 337.)

1.     APPEAL AND ERROR—Proceedings in Error—Commencement —Statute. Section 4659, Rev. Laws 1910, is applicable, by analogy, to the commencement of proceedings in error in this court.

2.     SAME—"Commenced"—What Constitutes—Adding New Party. Where two or more parties are necessary as defendants in error in this court, and the petition in error with case-made has been filed within the time allowed by law, and legal service of summons had within such time on one of the necessary defendants in error, the proceeding in error has been "commenced" as to all the defendants in error, in so far as the limitation on the commencement of proceedings in error is concerned, in cases where

the necessary defendants in error are all **"joint contractors or otherwise united in interest."**

(a) In such a case a necessary party defendant may be summoned into this court, even though 60 days have elapsed after the time allowed by law for filing petitions in error in this court.

(Syllabus by Brewer, C.)

*Error from District Court, Major County;*
*W. L. Moore, Special Judge.*

Action by the Dr. Koch Vegetable Tea Company, a corporation, against William Davis and others. From the judgment, plaintiff brings error. Former opinion withdrawn, petition for rehearing granted, and motion to dismiss overruled.

*Carlisle & Edwards,* for plaintiff in error.

*A. Fairchild* and *R. N. McConnell,* for defendants in error.

Opinion by BREWER, C. A joint judgment was entered in this case against William Davis and William Iams, on a written obligation, September 26, 1911. On February 13, 1912, a petition in error was filed in this court, naming both Davis and Iams as defendants in error. Defendant Iams waived service of summons in this court, and entered his appearance. Defendant Davis has never been brought into this court by summons, appearance, or otherwise. On November 5, 1913, defendant in error, Iams, filed a motion to dismiss the appeal on the ground that Davis, one of the judgment debtors, had not been brought into this court. On November 11, 1913, plaintiff in error filed a motion, asking to withdraw the case-made and have same corrected by striking the name of Davis from the judgment, because no judgment had been taken against him, and the insertion of his

name in the judgment entry was a mere clerical error. Leave to withdraw and correct, under the supervision of the trial court, was allowed on November 25, 1913. The matter was heard by the trial judge December 18, 1913, and he refused to allow and certify the proposed correction. On December 30, 1913, the plaintiff in error filed a motion reciting the above motion to withdraw case-made, the order allowing same, and the refusal of the trial judge to allow and certify the corrections requested, together with averments that Davis was not served with process and had not appeared in the proceedings' below, and that the attorneys who filed pleadings for Davis were without authority so to do, etc., and prayed:

"That this court, or some judge thereof, hear and settle the facts in dispute and to make an order correcting and amending said case-made by including a copy of the summons * . * * and the statements contained in the affidavit of the clerk, etc., * * * including * * * the statement of the firm of Fairchild and Brady made in open court as set forth in the affidavit of F. W. Madison and V. M. Lord, filed herein, and by *striking out the name* of Wm. Davis from the journal entry of final judgment," etc.

On January 6, 1914, the following order appears to have been made in this court:

"And now on this day it is ordered by the court that the motion of plaintiff in. error herein to correct case-made be, and the same is hereby, sustained."

Within 15 days thereafter the defendants in error filed a motion for a rehearing on the order above set out, urging that it be set aside, and renewing the motion theretofore made to dismiss the appeal for want of necessary parties. This motion was pending, undisposed of, and was not called to our attention, and the opinion was writ-

ten on the merits, under the supposition that the motion to dismiss had been finally passed on and was no longer a question in the case. The condition of the record, and of this important and undisposed of motion, is strenuously urged upon us on motion for rehearing, and it is again insisted that the appeal should be dismissed.

(1) We have examined the multitude of motions and counter motions in this case, only a part of them being specifically mentioned above, and feel certain that the order herein above recited, which had the effect of amending and correcting the case-made in this court in many particulars, and especially by striking out of the judgment a joint judgment debtor, on *ex parte* affidavits, was inadvertently made, under a misapprehension of the facts. The order having been erroneously made on the facts · shown by the record, it is not necessary to consider or discuss the enlarged powers conferred on the appellate courts by new sections inserted in the Harris-Day Code (5245-5247, and especially 5249, Rev. St. 1910). The important thing accomplished by the order was to strike Davis from the judgment. The defendant Davis was not served with process, it is true, but if the record of the proceeding shows any one thing beyond question, it is that Davis appeared in the case. By attorney he filed his motion to require the plaintiff to separately state and number its causes of action. The journal entry shows he appeared by attorney and argued this motion, and when it was overruled was allowed an exception and, on request, ten days to further plead. At the trial the record recites: "Defendant Davis appeared by his attorney, but was wholly in default, having filed no answer." The journal entry of judgment recites: "The court finds that the plaintiff is entitled to judgment

against * * * Wm. Davis and Wm. Iams," etc.   The journal entry is O. K.'d by A. Fairchild, attorney for Wm. Davis.   The service of case-made was accepted by Wm. Davis, by his attorney.   Likewise was an agreement as to amendments.   The appeal bond ran in the name of both Davis and Iams.   The petition in error filed in this court, long after the trial, brought Davis in as a defendant in error.   Plaintiff in error's brief in this case, before it reached the motion stage, pointed out the default judgment against Davis, and argues error, because the judgment was for only $38.55, while as principal debtor in the written contract it clearly should have been for more.   So the defendant Davis was in this case in the proceedings below, and in the judgment entered, if a record in this court amounts to anything.   It follows that he is a necessary party, and ought to have been brought into this appeal.   The order striking Wm. Davis from the case-made should be set aside.

(2)   With Davis in the record, it is apparent that he is a necessary party.   Any judgment this court may render will affect him and his codefendant Iams alike.   This being true, this court cannot proceed to final judgment without his having been properly brought into this court by process, actual or constructive, or by waiver.   At this point we are met with the contention that it is now too late to summon Davis into this court; the contention being that, as the time for filing the proceeding in error and the 60 days thereafter allowed, under certain circumstances, for service of summons, having passed, it is now too late.   This requires a somewhat detailed consideration of some of our former opinions.   The whole question turns on the one inquiry:   Is the proceeding in error, as against Davis, barred by the provision of the statute, limiting the

time within which proceedings may be commenced in this court to six months after the final order appealed from? Chapter 18, Sess. Laws 1910-11, page 35.

This brings up the question, What constitutes the commencement of a proceeding in error in this court, in so far as the limitation of such proceeding is concerned?

In *School District 39 v. Fisher*, 23 Okla. 9, 99 Pac. 646, it is held that the general statutes regulating the commencement of ordinary actions, as affected by the statute of limitations, apply in this court to proceedings in error by analogy. The statute (section 4218, Wilson's Rev. Stat. 1903 [section 5552, Comp. Laws 1909; section 4659, Rev. Laws 1910]) is as follows:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

In the Fisher Case, *supra*, the petition in error was filed two days before the expiration of one year, then allowed, and a summons was served after such time had expired; this summons, being void, was quashed. An alias summons was issued and served more than 60 days after the expiration of one year; and it was held that the proceedings had not been commenced in time, and the case was dismissed. A line of cases, of which the above case is perhaps the leading one, is relied on by defendants in

error to sustain their contention that, more than 60 days having elapsed after the time allowed for filing the appeal, the proceeding has not been commenced as to Davis, and is therefore now barred. But the case òf *First State Bank v. Clingan,* 26 Okla. 150, 109 Pac. 69, is cited by plaintiff in error as destructive of the contention mentioned. The Clingan Case reasserts the rule that the general statute as to commencement of actions, *supra,* is applicable in this court by analogy, and the court refused to dismiss that case on May 10, 1910, when it had been filed in this court November 29, 1909, the last day allowed by law for filing, although one of the necessary parties had not been brought into this court at the time the opinion was written. Therefore, under the facts in the Clingan Case, it is obvious that the 60-day clause of the statute was not considered applicable. Were we to stop with what has been said, it would appear that the Fisher Case and the Clingan Case are in conflict. Not so. They are both right, under their facts and the law applicable. In the Fisher Case, it will be remembered, there was no service on any one. One had been attempted, but it was void. There being, then, no service on any defendant, the second clause of the statute involved was resorted to. That clause deals with a situation where no service has been had within the time allowed for bringing the appeal, but where an attempt in good faith has been promptly made. It says:

"An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly, and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

So in the Fisher Case, there having been no service

on any one within the time allowed for filing a proceeding in error, and the attempt to commence the proceeding not having been followed by "the first publication or service of the summons within sixty days," the leniency of the statute had been exhausted, and no proceeding commenced. Therefore with the passing of this period, the statute bar, limiting the time within which proceedings may be commenced in this court, attached, and the case was properly dismissed.

In the Clingan Case, however, one of the two necessary parties had in fact been served with valid process within the time allowed. The other necessary party had not been brought into court, and the 60-day provision had long since expired. But as the two parties necessary as defendants in error were joint *contractors or otherwise united in interest,* it was held that the first clause of the statute we are discussing applied, and that therefore in such a case the service of process on one of such defendants—defendants united in interest—was the commencement of the proceedings as to all of them. The first clause mentioned, when read independent of the second, makes the correctness of the holding apparent. It says:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor, or otherwise united in interest with him."

To sum up the matter, the Clingan Case was one where all that was necessary to be done had been done to commence the proceedings, under the terms of the statute. The service on the one, within lawful time, commenced the proceedings as to all, where they were joint con-

tractors or otherwise united in interest; and this being all that was necessary to commence the proceedings, it necessarily stopped the running of the statute of limitations as to the commencement of the proceedings and prevented the application of the statute bar.

In the Fisher Case, *supra*, under the second clause of the statute, what was done was merely *an attempt* to commence the proceedings, and in such cases the attempt must be completed in the manner pointed out within 60 days or not at all. So in that case, the attempt having failed within the time allowed for perfecting it, no proceedings were ever in fact commenced. Therefore the statute bar, as to the commencement of proceedings, attached, and necessarily any further attempt to commence the proceedings was futile, and the cause was properly dismissed.

The provisions of our statute held to apply by analogy to proceedings in this court are identical with section 20, Kansas Code. This section was borrowed by Kansas from Ohio. The Ohio Supreme Court first applied it to appellate proceedings by the doctrine of analogy. *Buckingham v. Commercial Bank,* 21 Ohio St. 131; *Sidener v. Hawes,* 37 Ohio St. 533; *Secor v. Witter,* 39 Ohio St. 218; *Bank v. Green,* 40 Ohio St. 431. The Kansas Supreme Court approved the rule of the Ohio Court in *Thompson v. Wheeler & Wilson Mfg. Co.,* 29 Kan. 476 (2d Ed.) 340. This cause in the Kansas court involved the second clause of the statute, and is made the basis of the Fisher Case, *supra,* in this court In *Paving Co. v. Botsford et al.,* 50 Kan. 331, 31 Pac. 1106, the first clause of the statute came under review by the Kansas court, and it was held applicable by analogy, and was treated

independently of the second clause, which was dealt with by that court in *Thompson v. Wheeler & Wilson, supra.* And this court in the Clingan Case, *supra,* found authority in the *Paving Co. v. Botsford et al. Case, supra.* The distinction we have attempted to show here between the effect of the two clauses of our statute has not been clearly pointed out in any of the decisions, but it has been applied; for in the Botsford Case the court refused to dismiss, although a necessary party had not been brought into court when the opinion was written, which was five months after the time allowed for filing in the Supreme Court had expired. The Ohio courts also applied the distinction without specially discussing it. So we conclude that Davis was erroneously stricken from the judgment and record in this case; that he is a necessary party to a determination of the same; that he should have been brought into this court; but that as his codefendant, Iams, who was united with him in interest, was properly brought into court in apt time, the proceedings in error, in so far as the limitation is concerned, have been commenced as to Davis, and he can be brought into this court by summons or publication, if such action is promptly had. We would be inclined to refuse this at this late day, on the grounds of failure to prosecute the action, were it not for the reason that the order of court, herein set aside, remained in force for a long period of time, and while in force plaintiff in error was excusable for not bringing Davis into court.

This leads us to grant a rehearing; to set aside the previous order striking Davis from the record; to overrule the motion to dismiss this case; to allow Davis to be brought into court by process allowed by law, if efforts to that effect are promptly and diligently pursued. The

former opinions filed in this case should be withdrawn, and this opinion filed in the case.

By the Court: It is so ordered.