## WELCH v. WELCH.

No. 7461.   Opinion Filed November 2, 1915.

(152 Pac. 828.)

1.  **INFANTS—Time for Proceedings—Summons in Error—Service.**
In a proceeding in error wherein a minor over the age of 14
years, represented by her guardian, is defendant in error, the
minor is the real party in interest, and is not a codefendant of
her guardian, nor a joint contractor, nor otherwise united in
interest with him, within the meaning of section 4659, Rev.
Laws 1910, which provides: "An action shall be deemed com-
menced, within the meaning of this article, as to each de-
fendant, at the date of the summons which is served on him,
or on a codefendant, who is a joint contractor or otherwise
united in interest with him."

2.  **INFANTS — Summons in Error — Service — Jurisdiction Over
Minor.**  Where summons in error in such a case is served upon
the guardian, and not upon the minor, or her attorney of record,
within the time allowed by law for prosecuting a proceeding in
error, such service fails to comply with sections 4721 and 5238,
Rev. Laws 1910, and is insufficient to give the Supreme Court
jurisdiction over the minor.

(Syllabus by the Court.)

*Error from District Court, Ottawa County;*
*Preston S. Davis, Judge.*

Action by Maude Welch, a minor, by her guardian,
John A. Daniels, against Helen Welch, defendant. From
the judgment, Helen Welch brings error. Dismissed.

*James S. Davenport* and *Eugene S. Quinton,* for
plaintiff in error.

*A. C. Towne* and *Riddle & Bennett,* for defendant in
error.

KANE, C. J.   This cause comes on to be heard upon
a motion to dismiss filed by the defendant in error, upon
the ground, among others, that the Supreme Court has

no jurisdiction of said cause, for the reason that there was no service of summons in error upon the defendant in error, Maud Welch, who, at the time this proceeding in error was instituted, was a minor over the age of 14 years, as provided by section 4721, Rev. Laws Okla. 1910, nor upon her attorney of record, as provided by section 5238, Rev. Laws Okla. 1910, within the statutory time allowed for taking an appeal, nor did she appear in said cause in any manner within said time.

Counsel for plaintiff in error concede that there was no summons in error served upon the minor, or her attorney of record, and that such summons is required by sections 4721 and 5238, *supra*. But, they contend, summons in error was served upon the guardian of the minor within the time allowed for appeal, and therefore, by virtue of section 4659, Rev. Laws Okla. 1910, the proceeding in error must be deemed commenced in time, and service upon the minor may be had at any time; previous attempts in good faith to secure such service having failed. *First State Bank v. Clingan*, 26 Okla. 150, 109 Pac. 69, and *Dr. Koch Veg. Tea Co. v. Davis*, 48 Okla. 14, 145 Pac. 337, are cited as authorities supporting this contention.

In the cases cited section 4659 is correctly applied and construed. This section provides that:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. * * *"

It is apparent at a glance that it has no application to cases like the one at bar. In the first place, a guardian is not a codefendant of his ward in an action against a

minor defended in the name of his guardian; neither is he a joint contractor, nor otherwise united in interest with him, within the meaning of the statute. In such an action there is but one real party in interest, and that is the ward. By our statute, and generally, an action can only be commenced by or against a minor through his guardian; but in serving summons upon him, as we have seen, our statutes require the minor or his attorney of record to be served, where he is the defendant and more than 14 years of age, and service upon him alone is sufficient if neither his guardian, father. mother, or the person having the care or control of him, or with whom he lives, can be found. · In *Scott et al. v. Brown et al.*, 40 Okla. 184, 137 Pac. 113, it was held:

"Where summons in error is issued and served upon their guardian, and not upon the minors, who by their guardian were plaintiffs in the court below, or their attorneys, *held*, that such service fails to comply with sections 5238 and 4721, Rev. Laws 1910; that the same is insufficient to give the court jurisdiction over the minors; and that the motion to dismiss the proceeding in error will be sustained for want of necessary parties."

A late case, *Bruner v. Nordmeyer*, 48 Okla. 415, 150 Pac. 159, where the authorities are fully collected and reviewed, is to the same effect.

Upon the authority of these cases, the motion to dismiss must be sustained.

All the Justices concur.