## DILL v. SANDS *et al.*

No. 7758.　Opinion Filed July 25, 1916.

(159 Pac. 505.)

1. **APPEAL AND ERROR—Proceedings in Error—Commencement—Statute.** Section 4659, Rev. Laws. 1910, is applicable, by analogy, to the commencement of proceedings in error in this court.

2. **SAME—Service of Summons in Error—Necessity.** A petition in error will be dismissed on motion, even though it is filed in this court within the six months allowed under the statute, where no waiver of issuance and service of summons is had, and no general appearance made within such time, or where a summons is issued on a praecipe duly filed but is never served.

(Syllabus by the Court.)

*Error from District Court, Okfuskee County;*
*Tom D. McKeown, Judge.*

Action by Roley Sands against Harvey Gregory Malot and others. From the judgment in favor of plaintiff, defendant William H. Dill brings error. Dismissed.

*Huser & Huser,* for plaintiff in error.

*Rossiter & Wright,* for defendant in error Roley Sands.

SHARP, J. Defendant in error Roley Sands, on January 31, 1916, filed his motion to dismiss this proceeding in error, for the reason, among others, that no summons in error was served upon him, or any other defendant in error, either wthin six months from the date of the judgment appealed from, or within 60 days from the ex-

piration thereof. The records of this court show that the case-made with petition in error attached, together with præcipe for summons in error, were received for filing October 12, 1915, the last day of the statutory time for filing the appeal; that summons issued October 13, 1915, to defendants in error, but that no return was made on same. And it appears from the motion of defendant in error Roley Sands that no summons has been served on him, which fact is not controverted by plaintiff in error.

This court has held that section 4659, Rev. Laws 1910, with regard to the commencement of actions, by analogy is applicable to the commencement of proceedings in error in this court, and that the summons must be served within 60 days after the expiration of the time for filing an appeal. *School Dist. No. 39 v. Fisher,* 23 Okla. 9, 99 Pac. 646; *Dr. Koch Vegetable Tea Co. v. Davis et al.,* 48 Okla. 14, 145 Pac. 337.

The record disclosing that defendant in error has not waived the service of summons in error, and it appearing that he was not served within 60 days from October 12, 1915, or at all, the motion to dismiss must be sustained. *Coleman v. Eaton,* 26 Okla. 858, 110 Pac. 672; *Hartsell v. Edwards et al.,* 29 Okla. 119, 116 Pac. 942.

The action is dismissed.

All the Justices concur.