Birchard, C. J.
The action in the court below was assumpsit. *Plea, the general issue. On the trial, a bill of exceptions
was taken, which shows that, to maintain the issue on their part, the plaintiffs below, who sued as partners, offered in evidonce an instrument, of which the following is a copy :
Newark, April 30,1842.
“ §500.
“ For value received, we jointly and severally promise to pay Geo. M. Young or order, §500, in current funds of the State of Ohio. One moiety on the 1st day of November next, and the other moiety on November 1, 1843, with interest annually.
“ Joseph White. Erasmus White. Samuel White, Jr.”
On the back of which is the signature of Geo. M. Young,” and the indorsement of sundry payments. No other evidence was offered by either party. The plaintiffs in ex*ror objected to the admissibility of the above note, on the ground that it was not negotiable, which objection was overruled, and exceptions taken. Judgment was given for the balance due upon the note, to recover which this writ of error is px’osecuted.
The fix-st error assigned, presents the question whether the note was negotiable. The second assignment is, that there was no *6 evidence offered to prove the alleged partnership. To this second assignment, it is a sufficient answer to say that thero was no objection to the, proof in this particular, in the trial below, and the record gives us no means of knowing what was the ruling of the common pleas upon this point. The attempt to make a question on error, which was waived on the trial, can not. succeed. Wore it otherwise, the party might be entrapped in a case where, had the objection been made at a proper tithe, the ground of objection could have been, without difficulty, removed. Besides this, thero is nothing in this assignment. The note was indorsed by the payee in blank, and the plaintiffs below might have filled the blank with their names and the stylo of their firm, on the trial. It would then, prima facie, have fully sustained their declaration. When offered in blank, without objection *on that account, the legal effect is precisely the same as it would have been, if filled in the manner indicated.
The other point in the case was decided, as we conceive, in Swetland v. Creigh, 15 Ohio, 118. It was there held that a note payable to order, for $200, in current Ohio hank notes, is for a certain sum of money, and negotiable. Our law recognizes nothing as “ current funds of the State of Ohio ” but gold and silver coin, and bank notes issued by banks incorporated by the state, which are. by law, required to be of equal value with gold and silver coin of the same denomination. Heneo, a note for a dollar, or for a dollar in a bank note, is for a sum certain. The verdict and judgment for each, when sued, must be the same. The policy of the state is, that the paper money, issued under the authority of the state, shall be a certain measure of value—that it shall answer the purposes of money—and in no sense become a subject of traffic and speculation, liable to the fluctuations, the rise and fall in market of marketable commodities of uncertain value, and be up or down, as may suit the convenience or interests of traders, brokers, stock-jobbers, or sharpers. The policy of the state, that looks to the prevention of a depreciated circulating medium, is a sound policy; one that the interests of all classes require should not be departed from; one that this court, at an early day, sustained in Morris v. Edwards, 1 Ohio, 205, and to which the government of the state, in all its departments, has ever since steadily adhered. A long course of decisions, uniformly adhered to, should settle this question, even if the original decision were *7 questionable. We do not think it was, because we believe that there has been no time when the legislature intended that a bank note of this state, for the payment of a dollar, should be less certain in value than a specie dollar; and therefore, when they provided that a promissory note, for the payment of a sum of money certain, to the payee or order, should be negotiable by indorsement, that they intended to make notes negotiable, which were drawn, payable in Ohio notes or Ohio funds. This view is so ^strengthened by the fact, that the legislature has acquiesced in that interpretation, for a period of twenty-seven years, without once questioning its correctness, and without a single effort to change it, that it is to our minds resistless. But it is useless to re-argue a question which was then fully discussed and so ably determined. I content myself with a reference to the reasoning of Judge Hitchcock, on pages 203, 204, and 205, in 6 Ohio, for the purpose of adopting it as fully as it was concurred' in by Judges Pease and Sherman, and shall not attempt to reproduce arguments and authorities which wero so well stated by another, and so well sustained both by principle and authority. Judgment affirmed.