MinshaXjL, J.
There are, as we think, two sufficient reasons for holding that, upon the case as reserved to this court, judgment should be rendered for the plaintiff. 1. The probate court is not clothed with the jurisdiction it assumed to exercise in setting aside the conveyance to Rhoda Spoors. 2. But if it were, no such jurisdiction had been invoked by the administrator in his petition as against her.
*501 1. The probate court had no jurisdiction, for, although it is provided in section 6189, Revised Statutes, that the petition to sell lands to pay the debts of the estate “ shall include all the deceased may have conveyed with intent to defraud creditors,” yet it is provided- in section 6140, Revised Statutes, that “ where such land is included in the application before a recovery of the possession thereof, the action shall be in the court of common pleas.”
The reason of this provision doubtless arose from a persuasion in the minds of the legislature that a recovery of such lands involved an exercise of jurisdiction that should only be conferred on the court of conlmon pleas, they being courts of general jurisdiction in matters of law and equity, and therefore more competent, from the character of' their judges, constantly employed in the exercise of such jurisdiction, to hear and determine such matters. And so, to avoid a multiplicity of suits, it is provided that an action to set dside a conveyance of lands, that had been made by a decedent to defraud creditors, may oe united with a proceeding for an order of sale to pay debts, by resorting, in the first instance, to the court of common pleas.
In this case the pleader seems to have assumed that he had avoided this objection to the jurisdiction of the court, by the averment, “ that the petitioner has been and is now in the exclusive possession of said premises.” But mere possession, however exclusive, by the administrator, does not confer jurisdiction upon the probate court to order a sale to pay debts, unless the possession had been recovered in an action against the grantee, or those claiming under him, for the purpose of having the conveyance set aside as fraudulent against creditors. Until the conveyance has been set aside by the judgment of a competent court, or a reconveyance made by the party holding the title, an order for the sale of such lands to pay the debts of the decedent can not be made in the common please or probate court. This is in harmony with what has been the settled policy of our state in the matter of judicial sales, which has always been to so offer the land as to transfer it to the pur *502 chaser with a good title, that an advantageous sale may be made, instead of offering it as a lawsuit for what can be obtained from those who may feel disposed to invest in litigation. Hence, possession not acquired as the fruits-of a judgment in a suit to recover the land, avails nothing, where the proceeding for an order of sale'is begun in the probate court, instead of the common pleas.
2. But, had the probate court the same jurisdiction in such matters as the common pleas, it would avail nothing in this case, for the reason that no such jurisdiction was invoked by the petition of the administrator as against Rhoda Spoors. There ife no averment in the petition that any land had been fraudulently conveyed, mediately or immediately, to her. The only averment as to her is, that she is entitled to dower in the lands, for which an order of sale is asked; and the only relief asked as to her is that her dower may be set off and assigned therein. And, in the answer filed for her by the attorney of the administrator, she simply waives an assignment of dower in the lands and elects to take the same in money.
It. is by no means intended to question or impair the principle that wlien jurisdiction has been obtained over the subject-matter of a cause, by a court competent to exercise it, its judgment, however eri’oneous, can not be questioned ixx a collateral proceeding. A judgment so rendex’ed can only be set aside or questioned in a direct proceeding instituted for that purpose. This is familiar law. Freeman on Judg., § 135.
But a judgment rendered by a coux’t of competent jurisdiction in a case brought before it, however erroneously the jurisdiction may have been exeroised, is one thing, and a judgment entered by a coux’t of like jurisdiction in a case not before it, is another and a different thing. In the one case its judgment may be erroneous, in the other it is void. To bring a cause before a court, competent to adjudicate it, it is not only necessary that the parties should be in jus vocatio, cited or summoned in the manner required by the law of procedui’e, but a ease must also be made, or stated, *503 affecting the party against whom relief is asked. The power to hear and determine a cause is defined to be jurisdiction. Freeman on Judg., § 118. And, to use the language of Ranney, J., in Sheldon v. Newton, 3 Ohio St. 494, “it is coram jadice whenever a case is presented that brings this power into action.” “But,” he adds, “before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred; and that such person or thing has been properly brought before the tribunal to answer the charge therein contained.” The italics are our own, to call attention to the clause applicable to the question in the case before us.
It is hot necessary that the statement of the claim should be so perfect in form and substance, as to be free from objection on demurrer, to confer jurisdiction upon the court to hear and determine it. Buchanan v. Roy, 2 Ohio St. 251. If the case presented invoked the jurisdiction of the court, and could have been perfected by amendment, the judgment of the court thereon could not be treated as a nullity. But, in order that a party may be permitted to amend, there must be something to amend by. Shamokin Bank v. Street, 16 Ohio St. 10. So, unless a case is presented that could be amended, there is no case upon which a judgment can be rendered; A judgment rendered where no case has been stated is as much a judgment upon a case coram non judice, whatever may be the jurisdiction of the court rendering it, as a judgment upon a case, however perfectly stated, before a court not clothed with jurisdiction to hear and determine it.
If there were a note secured by mortgage, and suit were brought upon the note for a money judgment only, it would hardly be claimed that a judgment of foreclosure would be of any validity, even as against the mortgagor. And yet the case presented in this record is not distinguishable in principle from the case just supposed.
In Strobe v. Downer, 13 Wis. 11, Downer had purchased *504 lands at a sale made in a foreclosure proceeding, on which Strobe, by assignment, from one "Weirner, held a prior mortgage. The bill contained an averment that Weirner had, or claimed, some interest in the property, and he was made a party, but he did not answer. The judgment in forelosure purported to bar him of all right in the premises. In a suit brought to foreclose the mortgage by Strobe, the court treated the question as if Weirner had remained the owner of it, and held that the purchaser under the decree made in the former proceeding took nothing as against Weirner or his assignee. The court said: “ It was stated in the complaint that he claimed'an interest (in the land), and there was no allegation against its validity which called on him to defend ;” and that without any allegation in the complaint contesting his title, he had a right to assume that the proceeding would be conducted upon the theory that his lien was paramount to that of the plaintiff, and that his rights were not to be affected by the proceeding. The case of Lewis v. Smith, 9 N. Y. 502, was cited and approved, where it was held that the widow was not divested of dower in the lands of her deceased husband, by a decree to that effect, in a proceeding, to which she was made a party, for the foreclosure of a mortgage she had not signed. The bill contained the general allegation that she claimed some interest in the premises, subsequent to the mortgagor, or otherwise. Her husband had devised her all his real estate for life with remainder over, but whether the devise was in lieu of dower or not was not stated. The court held in a suit for that purpose that she was entitled to dower in the land, and that she was not barred by the decree in the former suit. Commenting on the averments of the bill, Denio, J., said: “As a devisee of the mortgaged premises and an executrix of the mortgagor, the plaintiff was a necessary party to the bill; but in her character of his widow, entitled to dower by virtue of her coverture before the mortgage was given, she had nothing to do with the foreclosure. Having no defense to make to her interest as devisee of the equity of redemption, and *505 being unable to resist the claim to a decree against her for any ultimate deficiency, she had no motive for answering the bill. It made no claim and- prayed for no relief which she could defend against.” Edwards, J., also commented upon the fact that the “ complaint in the foreclosure suit made no allusion to the claim of dower.” See also the case of Williamson v. Probasco, 4 Halst. Chan. 571.
Considered on reason and authority, the right» of the plaintiff to recover upon the case as reserved seems clear. There is no allusion in the petition of the administrator to any lands having been conveyed to her fraudulently or otherwise, no prayer for any relief against her, except as to her dower in the lands; and it follows that the judgment of the court, that the conveyance that had been made to her of two ¿eres and a fraction, was null and void, was itself null and void, as, if for no other reason, a judgment upon a matter not before it. Its jurisdiction as to this, if it had any in such cases, had not been invoked. It follows that the sale and deed of the lands of the plaintiff, made under its order, conferred no title on the purchaser, and that judgment should be.rendered for the plaintiff as she has prayed in her petition.

Judgment accordingly.