Davis, C. J.
A question is made in the record and argued by counsel, whether Shuman had entered his appearance to the petition in error in the circuit court. We think that he did not enter his appearance; and therefore the sole question in the ease is, whether or not the circuit court erred in refusing leave to the plaintiffs in error to make Shuman a party defendant, and in dismissing the case for the reason stated. If Smetters v. Rainey, 14 Ohio St., 287, is to stand as a correct statement of the law, then the judgment of the court below was right; but that case has been so frequently and continuously doubted, distinguished, limited, criticised, assailed, and almost, if not quite, expressly overruled in this court, that it now seems necessary to test its foundations anew.
*508 It will go without dispute, as was laid down in Smetters v. Rainey, 13 Ohio St., 568; Idem, 14 Ohio St., 287; Jones v. Marsh, 30 Ohio St., 20; Tod v. Stambaugh, 37 Ohio St., 469; Veach v. Kerr, 41 Ohio St., 179; Burke v. Taylor, 45 Ohio St., 444, and in many other cases, both before and since these, that all persons who -are jointly interested in a judgment which is sought to be reversed or modified, must be made parties to the proceedings in error before the reviewing court can render a judgment reversing or modifying it. But that doctrine stops very far short of the proposition that there can be no amendment to a petition in error, to correct a clerical error or mistake, by adding the name of a person who was directly interested in, and a party to, the judgment below; nor does it even lead to the conclusion that no such amendment can be made after the statutory limit of time within which a proceeding in error may be commenced, which was in this case four months from the rendition of the judgment. I shall presently endeavor to make it clear that, when there is a unity of interest as to the judgment, a denial of the right to so amend a proceeding in error after four months has elapsed since the rendition of the judgment which is to be reviewed, is a denial of the right to amend at any time; for if the right to amend exists after the statutory limit, it must be because the case was “commenced” so as to toll the statute of limitations as to all persons united in interest, and if the right does not exist after the statutory limit it must be because the case was not so “commenced” within the statutory period. If the action should be properly commenced as to some of the joint parties and leave is asked to amend and bring in the other parties before the expiration of the statutory period, *509 the leave can only he allowed by the analogy of the code procedure in other cases, because there are no provisions therefor expressly relating to proceedings in error. Railway Co. v. Bailey, 70 Ohio St., 88. This seems to be conceded in Smetters v. Rainey, both in the syllabus and in the opinion. We have not been able to discover any satisfactory reason why, if the code provisions in sections 5114, 5005, 5006 and 5007, Revised Statutes, may be applied to error proceedings, section 4987, Eevised Statutes, may not also be so applied. Hence, as we have said, the denial of the right to amend after the statutory period has expired is logically the denial of the right to amend at any time,
If the action should be properly commenced as to some of the joint parties, then, as we shall show, the statute ceases to run as to the other joint parties. This proposition Smetters v. Rainey ‘denies. The logic of Smetters v. Rainey would therefore seem to lead to the conclusion that a proceeding in error must be like Minerva when she sprang from the head of Jupiter, full grown and perfect in the beginning, born of the gods and without human frailty.
But such relentless severity is foreign to the spirit of the modern procedure. Accordingly this court has, in several instances, applied to proceedings in error, by analogy, the liberal provisions of the code of civil procedure relating to “civil actions:” and one of these is the ample power of amendment conferred by section 5114, Revised Statutes. Railway Co. v. Bailey, 70 Ohio St., 88. The only comment on this section which need be made is the following terse quotation from the opinion in Shamokin Bank v. Street, 16 Ohio St., 7. “The general power of amendment given to the courts by the code is very *510 broad, and is only limited by tbe ‘ justice ’ of tbe ease. But tbe statutory thing to be amended must exist before tbe power can be exercised.” Does tbe thing to be amended exist here? Had tbe circuit court such jurisdiction of tbe case and of tbe parties before it, as to enable it to bring in other necessary parties ?
Tbe original judgment set aside a will. If it was set aside as to one of tbe persons interested it was set aside as to all. If that judgment should be reversed as against some of tbe contestants it necessarily must be reversed as to all of them. Tbe judgment is an entirety and inseparable. For that reason all of tbe parties to tbe judgment must be in court before it can be reversed. Buckingham v. Bank, 21 Ohio St., 131; Bradford v. Andrews et al., 20 Ohio St.. 208. Here, a case involving tbe rights of everybody interested in that estate was properly in court. All necessary parties were in court, except one who refuses to come in, bis name being overlooked in instituting tbe proceeding. Is not tbe case pending, and lawfully pending, and capable of being amended? True, a judgment of reversal cannot be entered until all tbe joint parties are before tbe court; but does that imply that tbe court can do nothing in tbe case? Can any substantial reason be given why section 5006, Revised Statutes, as well as section 5114, may not be resorted to for authority? We think not. That section reads as follows: “Any person may be made a defendant who has or claims an interest in tbe controversy adverse to tbe plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein.” Smetters v. Rainey, supra, first proposition of the syllabus.
*511 But the contention is interposed that no application to make Shuman a defendant was made in the circuit court until after the lapse of four months from the rendition of the judgment in the court of common pleas, and that thereby the bar of the statute was raised in favor of Shuman, which enured to the benefit of all those who are united with him in interest. At least that is the effect of the argument, inasmuch as there could be no judgment of reversal without the presence of Shuman as a defendant. We do not think that this position is tenable.
It was held in Robinson v. Orr, 16 Ohio St., 284, and in Buckingham v. Bank, 21 Ohio St., 131, that section 20 of the code of civil procedure, now section 4987, Revised Statutes, is applicable by analogy to petitions in error. See also the dissenting opinion of Johnson, C. J., in Moore v. Chittenden, 39 Ohio St., 563, for citation of other cases. That section reads as follows: “An action shall be deemed commenced, within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him, or on a co-defendant who is a joint contractor, or otherwise united in interest with him; and when service by publication is proper, the action sháll be deemed commenced at the date of the first publication, if the publication be regularly made.”
In Bradford v. Andrews, 20 Ohio St., 208, it was held that where a proceeding for the contest of a will is commenced within the statutory period of limitation, although only a part of the persons interested-in the contest are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired. While no reference is made in that *512 case to the statute cited here the ruling was based on the principle that the parties were “united in interest. ’ ’ It was said in the opinion: ‘ ‘ The interest of the parties is joint and inseparable. * * # The case belongs to "that class of actions where the law is compelled either to hold the rights of all parties in interest to he saved, or all to be barred. ’ ’ And in a case where more than five years had elapsed between the decree and the issue of a writ of error, but one of the plaintiffs was at the time of pronouncing the decree an infant, it was held that where one of the parties, the case being inseparable, is within the saving clause of the statute of limitations, the case is saved as to all of the parties. Wilkins v. Philips, 3 Ohio, 49. So it was held that where a will was set aside at the instance of an heir who is within the saving clause of the statute of limitations, the exemption of the plaintiff from the statute of limitations avails for all the heirs, so as to set aside the whole will. Meese et al. v. Keefe et al., 10 Ohio, 362.
The Barber Asphalt Paving Co. v. Botsford, 50 Kan., 331, is exactly in point, because it construes a section of the code of civil procedure of that state which is identical with section 20 of our code, now section 4987, Revised Statutes.
We are therefore fully warranted in concluding that under the provisions of section 4987, Revised Statutes, interpreted in the light of the foregoing decisions, this proceeding in error was “commenced” as to Shuman when the appearance of the defendants who were “united in interest” with him, was accomplished. Indeed, the controversy here does not appear to have been much considered by the court in Smetters v. Rainey, for it is disposed of in *513 the opinion in a single sentence, to-wit: “It would seem that the revising court should have acquired complete jurisdiction over the subject-matter — the' entire judgment — before the limitation attaches.” Our view is that such jurisdiction is acquired in the present case. Then, what is the result? The judgment below is a unit and cannot properly be reversed as to some of the parties and affirmed as to others. All must be in court before the final adjudication. Buckingham v. Bank, 21 Ohio St., 131. The court thus has jurisdiction of some of the parties and of the subject-matter, the statute having ’raised no bar. Another party is necessary to the determination of the controversy. Can it be that under such circumstances a reviewing court cannot allow an amendment of the petition in error “in furtherance of justice, ’ ’ adding and summoning a new and necessary party? We think that the power of the court to permit an amendment under such conditions is abundantly sufficient and its duty clear.
Smetters v. Rainey, 14 Ohio St., 287, has been, and still continues to be, the source of infinite confusion and embarrassment, both to the courts and to the bar. No case in this court has been brought to our notice, which expressly approves the-propositions decided there which are controverted here, except the brief per curiam in Burke v. Taylor, 45 Ohio St., 444. In our opinion in respect to the controverted propositions, it is inconsistent with the following cases hereinbefore cited: Wilkins v. Philips, 3 Ohio, 49; Meese et al. v. Keefe et al., 10 Ohio, 367; Robinson v. Orr, 16 Ohio St., 284; Bradford v. Andrews, 20 Ohio St., 208; Buckingham v. Bank, 21 Ohio St., 131; and Railway v. Bailey, 70 Ohio St., 88; and also with the *514 other cases following: Secor v. Witter, 39 Ohio St., 218; Bank v. Green, 40 Ohio St., 431; and Wangerien v. Aspell, 47 Ohio St., 250. It has been applied in this court a few times without report; but we are in position to know that it has never, at least in recent years, gone without protest among those who concurred in such application of it. It is a rule of practice, and not a rule of property, which we are considering; and therefore, in the interest of consistency in practice, harmony of judgment and the furtherance of justice we overrule the second and third propositions of the syllabus in Smetters v. Rainey, 14 Ohio St., 287, and reverse the judgment of the circuit court herein, remanding the case for further proceedings.

Reversed.

Shauck, Crew and Summers, JJ., concur.