Shields, J.
A petition in error is filed herein to reverse the judgment of the court below on substantially three grounds:
1. That the court below erred in allowing the plaintiffs below to file an amended petition by eliminating certain territory embraced in the original petition.
2. That said court was without jurisdiction to hear and determine the matters in controversy after Judge Hoover retired from and severed his connection with the court hearing said case.
3. That the finding of said court establishing the district is based upon insufficient evidence in contemplation of the act authorizing the organization of conservancy districts in the state of Ohio.
The object of the Conservancy Act of Ohio is so clearly defined in its title that we find it unnecessary to make any reference thereto, and, its constitutionality having been passed on and upheld by the supreme court of this state, it is likewise unnecessary to discuss anything outside of the assignments of error in the petition in error brought upon the record before this court for review.
1. At the threshold of the hearing of the case it appears that “the petitioners filed a motion requesting leave of the court to amend their petition to reduce the size of the proposed district by eliminating Logan county and part of Shelby county, as set forth in said motion,” which motion was by the court sustained and leave granted. This action of the court was duly excepted to at the time, and is assigned as error. It is the policy of the law and the practice of courts, in the exercise of a sound discretion, to act liberally upon applications for *410 amendments to pleadings; for, as was held by our own supreme court in Snider’s Exrs. et al. v. Young et al., 72 Ohio St., 494, 509, quoting from Shamokin Bank v. Street, 16 Ohio St., 10, “the general power of amendment given to the courts by the code is very broad, and is only limited by the ‘justice’ of the case.” The object of the exercise of this discretionary power is too apparent to merit discussion, but if anything was lacking in this respect, as afforded by general statutory authority conferred on courts to grant amendments of this character, the provisions of Section 3 of said conservancy act expressly warrant it. Ordinarily, before trial, amendments are allowed upon oral statements of counsel, when the same do not have the effect of changing the cause or causes of action stated, and, even after trial, to conform to the facts proven; and when so allowed before! trial the event of the trial demonstrates whether or not such action is or is not wisely taken. Nor do we think that under the inherent authority of the trial court to deal with amendments, any hearing based upon testimony is necessary for this purpose. Here the object of the amendment was to eliminate certain territory embraced in the original petition. The record shows that the motion to amend was duly filed and argued by counsel, and that after ten days thereafter the court allowed the amendment to be made, at which time it appears that an amended petition was filed, issue joined by the refiling of the pleadings and other papers to the petition originally filed, and the case heard on the evidence. It appears that no objection was made to the form of such amended petition at the time of filing, hence *411 such objection afterwards raised will be considered as having been waived, especially in view of the action of the defendants below in refiling their answers to such petition. In thus allowing this amendment we think the court did not abuse its discretionary power, and we therefore hold that there is no substantial foundation shown for the first allegation of error recited in said petition in error.
2. It was argued that because of the withdrawal of Judge Hoover as a-member, said court had no jurisdiction to hear said case, and that its finding establishing a district as a conservancy district is a nullity.
It appears that in conformity with the provisions of the conservancy act the common pleas judges in the counties composing the proposed original district convened at the court. house in the city of Dayton, Montgomery county, Ohio, where the original petition for the establishment of a conservancy district was filed. Judge Broderick, a resident of Union county, represented Logan county, which at the time constituted a part of his judicial district; but he was afterwards succeeded on the conservancy court by Judge .Hoover who had been elected common pleas judge of Logan county under the new constitutional amendment, and who at the time of commencement of the hearing took the place of Judge Broderick. These judges, representing their respective counties, were authorized to sit, and constituted a conservancy court, under Section 6 of said act, which provides:
“In case of a district lying in more than one county, one common pleas judge of each of the *412 counties having land in the district shall sit as a court in the court house where the original petition was filed, to make the findings required by this section and by section 12 herein. A majority of said judges shall be necessary to render a decision.”
Stating the facts as they actually occurred, as shown, by the bill of exceptions, we quote from pages 3 and 4 of said bill of exceptions, which recite the following:
“Be It Remembered, That at the trial of this cause, In the Matter of the Miami Conservancy District, at the April term, A. D. 1915, of the Common Pleas Court of Montgomery County, Ohio, said hearing beginning Thursday, June 24, 1915, before Their Honors, Judge Sprigg of Montgomery County, Judge Wright of Warren County, Judge Geiger of Clark County, Judge Murphy of Butler County, Judge Kyle of Greene County, Judge Jones of Miami County, Judge Hoover of Logan County, Judge Mathers of Shelby County and Judge Cosgrave of Hamilton County,' the following proceedings were had, and the petitioners, to maintain the issues on their part, offered and introduced the following evidence and testimony :
“ T0:00 A. M., Thursday, June 24, 1915. Hon. Carroll Sprigg, Judge of the Common Pleas Court of Montgomery County, Ohio, Presiding.
“ ‘A motion was filed by counsel for the City of Troy and the County of Miami asking that the counties of Darke, Auglaize and Champaign be made parties defendant for the reasons stated in the motion filed. Said motion was overruled by *413 the Court at the time, and exception noted by counsel for the City of Troy and County of Miami.
“ ‘Counsel for the petitioners filed a motion requesting leave of the Court to amend their petition to reduce the size of the proposed District by eliminating Logan County and part- of Shelby County, as set forth in said motion. Said motion was argued by counsel on both sides. The motion was then sustained by the Court, and exceptions noted by counsel for objectors.
“ ‘Thereupon His Honor, Judge Hoover, of Logan County, withdrew as a member of the Court.
“ ‘Thereupon counsel for Shelby County and Miami County noted an exception to the Court continuing any further.’ ”
The good faith shown in eliminating Logan county from the territory embraced in the original petition appears to find support, if not justification, in the evidence adduced in support of the petition as amended. With the petition before the court as amended, and Logan county no longer in the enumeration of counties “having land in the district,” was Logan county thereafter entitled to representation on said court? Was it then a part of the district to be benefited, and part of the lands occupied by said district to be held liable to assessments for the construction and maintenance of said proposed improvement? Under the provisions of Section 6 of said act such a claim would scarcely be made. But it is contended that Judge Hoover, having been a member .of the court, could not be deprived of the legal right of sitting as a member thereof by reason of any change in the pleadings *414 in the case. It is apparent that Judge Hoover shared the view that the right of Logan county to be represented on the court rested on its inclusion among the counties to be embraced in the proposed district, “having land in the district;” and when Logan county by said amendment was eliminated from said counties such right of representation ceased and Judge Hoover thereby became disqualified to further participate in the hearing and “withdrew as a member of the court.” Such withdrawal was wholly voluntary and undoubtedly was prompted by a sense of duty under the circumstances. But plaintiffs in error urge that the court as originally constituted having acquired jurisdiction of the case can not be ousted of such jurisdiction by amendment of the pleadings. Ordinarily jurisdiction continues when it once attaches, but the fact is not to be lost sight of that the foundation and right of jurisdiction here lies in the qualification imposed by the express terms of said section of said act, namely, that “one common pleas judge of each" of the counties having land in the district shall sit as a court.” With Logan county no longer in the case, its elimination, and the voluntary withdrawal of Judge Hoover as a member of the court, in our judgment, could not and did not affect or deprive the remaining members of the court of jurisdiction of the case. Without discussing the question raised by counsel as to the intervening rights of parties to prosecute error herein, we hold that said hearing was had and a decision was reached and rendered by a.constitutional majority of such members of the court, that the proceedings *415 of said hearing were regular, and 'that said judgment of said court so rendered is valid.
3. As to the finding of said court establishing said district, the act conferring as it does jurisdiction on courts of common -pleas to establish conservancy districts when the conditions stated in said act are found to exist, and said court in the exercise of such jurisdiction having found such conditions to exist in this case — based upon the facts found from the evidence and applying the provisions of said act to the facts so found — we have no hesitancy in saying that the action of said court in this respect is warranted both by the evidence and the law.
Finding no error in the record, prejudicial to the legal rights of the plaintiffs in error, it follows that the judgment of the court of common pleas will be affirmed.

Judgment affirmed.

Powell and Houck, JJ., concur.
Judges of the Fifth Appellate District sitting in place of Judges Ferneding, Allread and Kunkle, of the Second Appellate District.