OPINION
Defendant-appellant Eddie James Williams appeals the June 15, 1999 Judgment Entry of the Richland County Court of Common Pleas which found him guilty of burglary and imposed sentence accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On April 8, 1999, the Richland County Grand Jury indicted appellant with one count domestic violence in violation of R.C.2919.25(A) and one count of burglary in violation of R.C. 2911.12. At his April 20, 1999 arraignment, appellant plead not guilty to both counts indictment. On June 9, 1999, appellant withdrew his plea of not guilty and entered a plea of guilty to the domestic violence count of the indictment. In a judgment entry of the same date, the trial court accepted appellant's guilty plea, ordered a presentence investigation, and scheduled a sentencing hearing. The matter proceeded to trial on the burglary count, at which time the following evidence was adduced. The State's first witness was the victim, Yvonne Mack. Ms. Mack testified appellant was her ex-boyfriend and the father of her oldest child. She stated she had dated the defendant for approximately nine years, until the couple split in late 1997 or early 1998. On March 13, 1999, Ms. Mack left her work place with Keisha Williams, the fiancé of her brother, Sonji Mack, and her cousin Tamika Taylor. The three stopped at the "Beer Dock" and then returned to Tamika's residence at 685 King Street in Mansfield, Ohio. Eventually, the three were joined by Sonji Mack, and Maurice Conjes. Ms. Mack decided to spend the night at Tamika's residence. Ms. Mack testified she was awakened in the middle of the night by a knock at the back door. When she looked through the window next to the door to see who was there, she saw appellant. Once appellant saw her, he began kicking the door. Frightened, Ms. Mack ran upstairs to wake everyone up. She heard appellant yelling to her from the downstairs and heard "a lot of noise." T. at 30. Ms. Mack testified appellant was not allowed to have contact with her on the night in question because she had obtained a temporary protection order against him. This order was a February, 1999, incident which resulted in a charge against appellant for domestic violence. After this testimony, the trial court sua sponte issued an instruction to the jury as follows:
 There is testimony here that the defendant was involved in some prior bad act. You can't use that to decide if he did the bad act in this case. They have to prove that in this case. You can use it for limited purposes and the limited purposes are you can consider it as proof of motive.
If you find it to be true for the incident in their case, you may also consider it as evidence of a similar plan or scheme, which might help to establish identity.
Other than those [sic] limited purposes, you are not to consider it as evidence that it is more likely he did the crime in this case because he did bad acts in the past.
I will remind you of that instruction later probably, but that's a little bit unusual. We don't normally have things for limited purposes, but that's the way you have to take it in this case.
T., Vol. I at 43.
Appellant did not object at the time of testimony, or to the trial court's instruction. Tamika Taylor was the next to testify. Ms. Taylor explained she awoke that evening when Ms. Mack ran up the stairs screaming. She heard glass breaking downstairs and heard a voice calling out for Ms. Mack. When Ms. Taylor went downstairs, she saw her apartment was a mess, with broken glass everywhere and furniture overturned. Ms. Taylor testified she recognized appellant's voice as the person yelling for Yvonne in her apartment. The State also introduced the testimony of Sgt. Robert Powers and Patrolman William Clemens. Each testified about the condition of the apartment after the break-in. Finally, the State called Maurice Sonji. Mr. Sonji testified he was asleep in Tamika's apartment on the night of March 14, 1999, but awoke to the screams of Tamika, Keisha, and Ms. Mack. He did not hear anything going on downstairs after he awoke. At the conclusion of the State's case, the following stipulation was read to the jury: The State of Ohio and the defendant have agreed to stipulate to the truth of the following: First on January 8, 1998, * * * of last year, [appellant] was convicted of domestic violence, a misdemeanor of the first degree, in Mansfield Municipal Court, then they have a Case Number, for assaulting Yvonne Mack at her residence located at 539 ~ West Fourth Street on November 16, 1997, that is Case Number 97-CRB-4002.
At the time of the assault on November 16, 1997, the Court had previously issued at her request a Temporary Protection Order against the defendant to protect Yvonne Mack.
The second portion of this stipulation is that on June 7, 1999, in other words, just a couple of days ago here, [appellant] pled guilty to domestic violence, a felony of the fifth degree, in Richland County, Common Pleas Court, Case Number 99-CR-125-D for assaulting Yvonne Mack at Selman's Blue Note on February 20 of 1999.
As a result of that assault the Court issued on February 22, 1999, at her request, a Temporary Protection Order against the defendant.
T. Vol. I at 184.
Appellant did not object to the stipulation, and further, as demonstrated in the above-quoted passage, appellant agreed to the stipulation. The defense first called Ruby Williams, appellant's mother. Ms. Williams testified appellant was with her at the time of the incident. The defense next called appellant to testify on his own behalf. Appellant testified on the night in question he was at his mother's house. On cross-examination, appellant testified he had never been to Ms. Taylor's apartment. The defense then rested its case. The State called Sonji Mack and Keisha Williams in rebuttal. Both testified they had known appellant for many years and recognized his voice downstairs on the night of March 14, 1999. After hearing all the evidence, the jury found appellant guilty of the crime of burglary. In a June 15, 1999 Sentencing Entry, the trial court acknowledged the jury's verdict and sentenced appellant to eleven months for the domestic violence charge and seven years for the burglary charge, to be served concurrently. It is from that judgment entry appellant prosecutes this appeal. Appellant assigns one error for our review:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION OF [SIC] APPELLANT'S PRIOR DOMESTIC VIOLENCE OFFENSES PURSUANT TO OHIO REVISED CODE SECTION 2945.59 AND EVIDENCE RULE 404(B) WHEN THE PREJUDICE OF THE EVIDENCE OUTWEIGHED ITS PROBATIVE VALUE.
 I
In appellant's sole assignment of error, he maintains the trial court erred in admitting evidence of appellant's previous conviction of the felony domestic violence (count one of the indictment) and previous "bad acts." Specifically appellant claims Ms. Taylor's testimony and to the stipulation were improperly admitted. We disagree. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151, 157. Evid.R. 103(A)(1) specifically provides as follows:
(A) Effect of Erroneous Ruling.
 Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
(1) Objection.
 In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context.
See also: White v. Richmond (1842), 16 Ohio St. 6; State v. Grubb (1986), 28 Ohio St.3d 199; State v. Wilson (1982), 8 Ohio App.3d 216. We find nothing improper in the admission of either Ms. Taylor's testimony or the stipulation. However, in light of the fact appellant failed to object the either alleged error, we find this argument to be waived on appeal. Appellant's sole assignment is overruled.
The June 15, 1999 Judgment Entry of the Richland County Court of Common Pleas is affirmed.
GWIN, P.J. and J. WISE, J. CONCUR.