OPINION
Appellant Robert Burns (hereinafter "father") appeals the October 18, 1999 Judgment Entry entered by the Licking County Court of Common Pleas, Juvenile Division, approving and adopting the Magistrate's July 2, 1999 Decision, which found father's minor daughters to be dependent children and also found it was the best interests of the children to grant temporary custody to appellee Licking County Department of Human Services (hereinafter "LCDHS").
 STATEMENT OF THE FACTS AND CASE
On March 26, 1999, LCDHS filed complaints in the Licking County Court of Common Pleas, Juvenile Division, alleging Alyssa Burns (DOB 2/7/88) and Ariel Burns (DOB 9/21/91) to be dependent children. On that same day, the trial court granted ex parte emergency orders relative to the minor children. The complaints were filed after father had been charged with Illegal Use of Minors in Nudity Oriented Material or Performance involving Janice Woods, an unrelated minor female. As a result of the charge, a search warrant was executed, during which the police found an extensive amount of pornography in father's home as well as illegal drugs and drug paraphernalia. The two cases were consolidated and the matter came on for adjudicatory hearing on June 4, 1999, and June 10, 1999. After hearing testimony and upon consideration of the evidence, the magistrate found by clear and convincing evidence Alyssa and Ariel were dependent children and found it would be in their best interests to grant temporary custody to LCDHS. The magistrate's recommended adjudication and disposition were memorialized in a Decision filed July 2, 1999. Father subsequently filed objections to the magistrate's decision as well as a supplemental memorandum after the transcript of the proceedings was filed. Via Judgment Entry filed October 18, 1999, the trial court overruled father's objections, and adopted and approved the Magistrate's Decision. It is from this entry father appeals, raising the following assignments of error:
 I. THE TRIAL COURT AND THE MAGISTRATE ERRED AND ABUSED THEIR DISCRETION IN ADMITTING AND CONSIDERING TWO AUDIO TAPES REGARDING ROBERT BURNS AND JANICE WOODS AND ROBERT BURNS AND MITCH BURNS.
 II. THE TRIAL COURT AND THE MAGISTRATE ERRED AND ABUSED THEIR DISCRETION IN ADMITTING PHOTOS OF ALYSSA BURNS AND CRYSTAL KINDRED AND FINDING THEY WERE PROVOCATIVE POSES.
 III. THE TRIAL COURT AND THE MAGISTRATE ERRED AND ABUSED THEIR DISCRETION IN FINDING ALYSSA AND ARIEL BURNS WERE ABUSED AND DEPENDENT CHILDREN, SUCH FINDING BEING AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 IV. THE TRIAL COURT AND THE MAGISTRATE ERRED AND ABUSED THEIR DISCRETION IN NOT GRANTING THE PARENTS A CONTINUANCE WHEN BOTH WERE UNDER INDICTMENT FOR FELONIES RELATED TO THE FACTS RELIED UPON BY THE STATE.
 V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS FINDING AND CONCLUSIONS UPON THE CONFLICTING TESTIMONY OF ASHLIN O'NEAL AND JANICE WOODS, ALL BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 VI. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO PLACE ALYSSA AND ARIEL BURNS WITH THEIR PATERNAL GRANDMOTHER, JUANITA BURNS.
 VII. THE TRIAL COURT ERRED AND THE MAGISTRATE ERRED IN THEIR FINDINGS THAT JUANITA BURNS COULD NOT OR WOULD NOT BE A PROPER PLACEMENT FOR THE TWO CHILDREN.
 VIII. THE TRIAL COURT AND THE MAGISTRATE ERRED AND ABUSED THEIR DISCRETION IN REMOVING THE CHILDREN FROM THE HOME AND PLACING THEM WITH THE AGENCY.
Any other facts relevant to our discussion of father's assignments of error shall be contained therein. Before addressing the merits of father's arguments, we feel compelled to point out father's brief fails to comply with the appellate and our local rules. App.R. 16(A) requires an appellant to include the following in his brief:
(1) A table of contents, with page references.
 (2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 (4) A statement of the issues presented fro review, with references to the assignments of error to which each issue relates.
 (5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 (6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
(8) A conclusion briefly stating the precise relief sought.
(Emphasis added).
Father's "Statement of Facts" reads, in toto: The transcript is 343 pages and contains evidence of highly questionable credibility. Counsel attaches as Appendix "C" a summary of the evidence to help the court review the weight and sufficiency of the evidence.
The decision and findings of both the Court and the Magistrate rely on the conflicting testimony of Ashlin O'Neal, Janice and Dan Woods. Improper admission of audio tapes further taints the proceedings. The denial of counsel for Vicki Burns and the denial of a continuance denied effective assistance of counsel for both defendants. The court's refusal to place the children with a grandmother whose morality and character were never assailed was a gross abuse of discretion. The facts dictate a reversal of this case.
Brief of Appellant at 3.
These two paragraphs contain no facts relevant to father's assignments of error and no record references. As such, we find the aforementioned "Statement of Facts" is noncompliant with App.R. 16(A)(6). Appendix "C", father's "summary of the evidence", is 29 pages in length. If we consider such to be part of father's brief, we find the brief is a total of 55 pages. Father's brief does not comport with Loc.R. 9(B), which provides: (B) Length of Briefs. In addition to the requirements of App.R. 16, no appellant's * * * brief * * * excluding appendices, table of contents, table of cases, statement of assignments of error, and statement of the issues shall exceed thirty pages, unless, upon a motion requesting an increase of a specific number of pages and the showing of good cause, this Court orders otherwise. No reply brief shall exceed fifteen pages.
(Emphasis added).
Father did not file a motion with this Court requesting an increase in the number of pages. Such deficiencies are tantamount to the failure to file a brief. Pursuant to App.R. 18(C), this Court could dismiss the instant appeal for want of prosecution. In the interests of justice to appellant, we shall address the merits of his arguments. However, we caution counsel such practice will not be tolerated in the future.
 I
In his first assignment of error, father maintains the trial court and magistrate erred and abused their discretion in admitting and considering audiotaped conversations between father and Janice Woods, and father and Mitch Burns. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion, i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151, 157. Evid.R. 103(A)(1) specifically provides as follows: (A) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context.
See, White v. Richmond (1842), 16 Ohio St. 6; State v. Grubb (1986), 28 Ohio St.3d 199; State v. Wilson (1982), 8 Ohio App.3d 216.
With respect to the alleged error in admitting the audiotaped conversation between father and Janice Woods, father's brief includes the following: The places in the record where the error occurred as required by Rule 16(A)(3), Ohio Rules of Appellate Procedure, are as follows: Entire file and record of proceedings dated June 4, 1999, all Exhibits, Magistrate Decision dated July 2, 1999 and Judgment Entry dated October 18, 1999.
Brief of Appellant at 4.
Father does not refer this Court to where in the record he objected to the admission of this audiotaped conversation. Because father has failed to reference the place in the record where he objected to the alleged error as required by App.R. 16(A)(3), we overrule this prong of father's first assignment of error. With respect to the second prong of his first assignment of error which relates to the audiotaped conversations between father and Mitch Burns, father's brother, father refers this Court to pages 112-113 of the Transcript of the Proceedings, Vol. II. Upon review of those pages, we find father did object to the admission of these audiotaped conversation. Father asserts, "[a] dependency action is not criminal in nature and the use of such evidence in a civil trial violates Section 2933.52(A), Ohio Revised Code, and should not be permitted." Brief of Appellant at 5. In support of his position, father cites State v. Geraldo (1981), 68 Ohio St.2d 120,127. We have read R.C. 2933.52(A) and find nothing therein which prohibits the use of audiotaped conversations in civil trials. Accordingly, we find the trial court did not abuse its discretion in admitting the audiotaped conversations between father and Mitch Burns during the dispositional phase of the hearing. We find such evidence was admissible pursuant to R.C. 2151.35(B)(2)(b), which allows a trial court to admit "any evidence that is material and relevant including, but not limited to, hearsay, opinion, and documentary evidence" during the dispositional hearing. We further note father did not meet his burden of proof to demonstrate the statement was obtained in violation of R.C. 2933.52(A)(1). See, State v. Childs (2000), 88 Ohio St.3d 558. Father's first assignment of error is overruled.
 II
In his second assignment of error, father asserts the trial court and the magistrate erred and abused their discretion in admitting photographs of Alyssa Burns and Crystal Kindred as well as finding said photographs to be provocative. We review this assignment of error under an abuse of discretion standard as set forth, supra. We first address the admission of the photographs. Father references pages 14-17 of the Transcript of the Proceedings, Vol. II in support of his position. We have reviewed these pages and find father failed to object to the admission of the photographs. Having failed to object, we find father has waived the right to raise such issue on appeal. Accordingly, this portion of father's second assignment of error is overruled. We now turn to the trial court's finding the photographs to be "provocative." We find the trial court's characterization of the photographs as "provocative" is a subjective determination and one which is within the province of the trier of fact. Accordingly, we cannot find the trial court erred and abused its discretion in making such a determination. Father's second assignment of error is overruled.
 III V
Because father's third and fifth assignments of error both raise manifest weight and sufficiency of the evidence claims, we shall address said assignments together. In his third assignment of error, father submits the trial court's finding Alyssa and Ariel to be abused and dependent children was against the manifest weight and sufficiency of the evidence. In his fifth assignment of error, father contends the trial court's findings and conclusions regarding the conflicting testimony of Ashlin O'Neal, father's son, and Janice Woods were against the manifest weight of the evidence. We begin by noting the trial court only found the children to be dependent, not abused. Accordingly, we shall only address this assignment of error as it relates to a finding of dependency. R.C. 2151.04(C) defines a "dependent child" as any child "[w]hose condition or environment is such as to warrant the State, in the interest of the child, in assuming the child's guardianship." Father argues, "[t]he morals and activity of a parent affects [this definition] only when their morals and activities impact their children." Brief of Appellant at 10. Father asserts the State failed to demonstrate his conduct had an adverse impact upon his children. Assuming, arguendo, the State failed to demonstrate father's conduct had an adverse impact on Alyssa and Ariel, we find the adjudication of dependency was still appropriate. We believe a finding of dependency is appropriate when it can be demonstrated not only that the child's environment has an adverse impact upon the child, but that the environment has the potential for causing an adverse impact. See, In re: Pieper Children (1993), 85 Ohio App.3d 318, 327. We find the State must have the right to intervene in a situation such as the matter sub judice before a child is emotionally or physically destroyed by a parent's conduct. We find it inconceivable for father to believe the environment fostered by his conduct was not and could not be detrimental to the children. The magistrate found:
 1. The Burns' home contains an enormous amount of pornography (in a living room cabinet, in the bedroom, and stored digitally on the computer);
 2. Pornographic videotapes are within easy access of the children and in close proximity to the children's videotapes;
 3. During a period of time extending from Fall 1998 to Spring 1999, Robert Burns illegally provided various minors with drugs and alcohol; much of this behavior occurred in the Burns' home;
 4. Robert Burns, Vicki Burns, and Robert's minor son Ashlin O'Neal all engaged in sexual activity with Janice Woods, a 15 year old female; the sexual behaviors included Janice Wood having sex simultaneously with Robert Burns and Ashlin O'Neal; Vicki Burns and Janice Woods dancing together nude or partially nude and engaging in sexual contact; Robert Burns photographing Janice Woods in the nude; and Robert Burns purportedly transmitting images of Janice Woods in the nude over the Internet. Most of these acts occurred in the Burns' home;
 5. Robert Burns photographed his daughter Alyssa Burns and her friend Crystal Kindred in clothed but "provocative" poses; these photographs were somehow digitized and stored as graphic files in the Burns' home computers in the same directory with numerous pornographic images;
 6. Vicki Burns engaged in sexual intercourse with Daniel Burns, the 14 year old brother of Janice Woods, in the family home;
 7. The Burns family is profoundly dysfunctional; while most of the above acts did not occur in the immediate presence of Alyssa and Ariel Burns, many occurred when Alyssa and Ariel Burns were home.
 8. Both parents are presently under indictment for sex offenses in connection with the behavior set forth above.
Magistrate's Decision at 2-3.
Upon review of the record, we find the magistrate's findings are supported by the evidence and such evidence is sufficient to support a finding of dependency. Accordingly, we find the adjudication of dependency is neither against the manifest weight nor the sufficiency of the evidence. We now turn to father's argument regarding the trial court's findings and conclusions relative to the inconsistencies in the testimony of Ashlin O'Neal and Janice Woods. The magistrate, acknowledging the existence of these inconsistencies, stated on the record: I realize that there's some question about the credibility of two of the witnesses because they did, in fact, give inconsistent statements at prior times, but I find that their testimony is sufficiently corroborated by the other evidence in this matter. I do believe the testimony of those two witnesses, and, in fact, convinced far beyond clear and convincing evidence that Alyssa and Ariel Burns are dependent children. T., Vol. II at 106.
As the trier of fact, the magistrate was in the best position to assess the credibility of the witnesses. The magistrate found the other evidence presented in the matter sufficiently corroborated the testimony of Ashlin O'Neal and Janice Woods despite the inconsistencies. This Court cannot substitute its own judgment for that of the trier of fact. Upon review of the record, we cannot conclude the trial court's findings and conclusions relative to these two witnesses' testimony to be against the manifest weight of the evidence. Father's third and fifth assignments of error are overruled.
 IV
In his fourth assignment of error, father argues the trial court and the magistrate erred and abused their discretion in denying the parents' request for a continuance as both parents were under indictment for felonies based on the facts underlying the State's complaints for dependency. Father asserts this error not only on his own behalf, but also on mother's behalf. Mother is not a party to this appeal. We find father has no standing to assert this error on mother's behalf. Accordingly, we shall only address this assignment of error as it relates to father. The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconveniences to witnesses, opposing counsel and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance; and other relevant factors, depending on the unique facts of each case. See: State v. Unger, supra; State v. Holmes (1987), 36 Ohio App.3d 44. Pursuant to R.C.2151.35(B)(1) the trial court shall conduct the dispositional hearing not more than ninety days after the date on which the complaint in a case is filed. Furthermore, the trial court "may continue a dispositional hearing upon a reasonable time not to exceed the time limit set forth in this division to enable a party to obtain or consult counsel." R.C. 2151.35(B)(1). Father did not request the continuance in order to obtain or consult counsel. We find the trial court was not acquired to grant to father's request for a continuance and did not abuse its discretion in failing to do so. Father's fourth assignment of error is overruled.
 VI, VII
Because father's sixth and seventh assignments of error both take issue with the trial court's failure to place Alyssa and Ariel with their paternal grandmother, Juanita Burns, we shall address said assignments together. The record reveals Mitch Burns, father's brother, was living with Juanita Burns throughout the course of these proceedings. The evidence established Mitch Burns was not only aware of what was going on in father's home, but also actively involved in such activities. Despite the fact the magistrate stated in its May 12, 1999 Order, "the Court would strongly consider a relative placement with Juanita Burns in the event that the children are adjudicated dependent and the Agency receives temporary custody of the children, if no individuals are residing with Juanita Burns, whom either the Agency or Guardian Ad Litem considers a threat to the safety of the children", Juanita Burns did nothing to rectify the situation prior to the date of the hearing. (Emphasis added). We find the fact Mitch Burns was living with Juanita Burns, in and of itself, a sufficient justification for not placing the children with her. We further find the trial court and the magistrate neither erred nor abused their discretion in refusing to place the children with Juanita Burns and in finding she would not be a proper placement. Father's sixth and seventh assignments of error are overruled.
 VIII
In his final assignment of error, father asserts the magistrate and the trial court erred and abused their discretion in removing the children from the parents' home and placing the girls with LCDHS. We have reviewed the entire record in this matter and, based upon the evidence contained therein, find the trial court's decision to remove the children from father's home and place them with LCDHS was neither erroneous nor an abuse of discretion. Father's eighth assignment of error is overruled.
The judgment entry of the Licking County Court of Common Pleas, Juvenile Division is affirmed.
 __________________ HOFFMAN, J.
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur